UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GAYL DAVIS,

    Plaintiff,

v.

SOUTHWEST AIRLINES CO., et al.,

    Defendants.

Case No. 24-cv-08889-RS

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

Plaintiff Gayl Davis ("Plaintiff") initially filed this suit against Defendants Southwest Airlines Co., Prospect Airport Services Inc. ("PAS"), and Prospect International Airport Services Corporation (collectively, "Defendants") in the Superior Court of California, County of Contra Costa. Defendants removed the case to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff now moves to remand back to state court. For the reasons explained below, Plaintiff's motion is granted.

## II. BACKGROUND

This case concerns injuries Plaintiff allegedly sustained after employees of the Defendants transported her via wheelchair from the jetway to the curb at Oakland International Airport. After she reached the vehicle pick-up area, Plaintiff avers, Defendants abandoned her without first securing the wheelchair or setting up the footrests; as a result of Defendants' conduct, Plaintiff claims to have sustained injuries when she sought to rise out of the wheelchair and fell to the ground. Plaintiff sought medical attention and incurred $4,250 in medical expenses, plus nearly

$500 in damage to her clothing and eyeglasses.

Plaintiff subsequently sent a demand letter seeking $150,000 to Defendant PAS. Thereafter, Plaintiff sued all three Defendants for general and special damages in the Superior Court of California, County of Contra Costa, alleging negligence and negligence per se. Citing diversity jurisdiction, Defendants jointly removed the case to the District Court for the Northern District of California. Plaintiff now seeks remand, arguing that Defendants cannot establish that the amount in controversy is more likely than not to exceed $75,000 as required by 28 U.S.C. § 1332. Plaintiff does not challenge Defendants' assertion of complete citizenship diversity.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant may seek removal of an action to federal court based on federal subject matter jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. Where it is unclear from the face of the complaint whether the requisite amount in controversy is pled, the removing party bears the burden of establishing, by a preponderance of evidence, that the amount in controversy required by 28 U.S.C. § 1332 is met. *See Urbino v. Orkin Servs. of Calif., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal quotations omitted). In such cases, "the court may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Bare conclusory allegations, however, are insufficient to determine the jurisdictional amount, *id.*, and courts strictly construe the removal statute against removal jurisdiction. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal citation omitted). If a removing party fails to meet its burden, federal subject matter jurisdiction is lacking, and a removed action must be remanded to state court. 28 U.S.C. § 1447(c).

### IV. DISCUSSION

**A. Plaintiff's State Court Complaint**

Defendants argue that the general and special damages sought by Plaintiff's state court complaint make it facially apparent that the amount in controversy requirement is met. Because the complaint itself is silent on the specific amount of damages requested, Defendants' argument

rests on Plaintiff's use of the word "severe" in describing the injuries she allegedly sustained.

These conclusory allegations are insufficient to establish the requisite amount in controversy. The mere fact that Plaintiff alleged her injuries were "severe" and requested damages for emotional injuries and pain and suffering does not make it facially apparent the amount in controversy exceeded $75,000. That Plaintiff only claims $4,250 in medical expenses related to soft tissue injuries, with no diagnosed residual injury or future medical treatment, directly contradicts the probative value of the phrase "severe injuries" in determining the amount in controversy. Thus, where the total special damages claimed do not exceed $5,000, Defendants must prove that Plaintiff's demand for general damages and other attendant costs exceed the remaining $70,000 required for diversity jurisdiction.

Here, Defendants have failed to explain sufficiently their basis for concluding that Plaintiff's general damages and attendant costs exceed $70,000. Using a claim for damages and costs as the basis for removal, without "identifying specific factual allegations or provisions in the complaint that might support that proposition," is merely a conclusory allegation, and it does not suffice to meet the amount in controversy requirement nor overcome the "strong presumption" against removal jurisdiction.[1] *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (citing *Garza v. Bettcher Industries, Inc.*, 752 F.Supp 753, 763 (E.D. Mich. 1990)); *cf. Cini v. Mercedes-Benz USA, LLC*, No. 24-cv-00288-RS, 2024 WL 1138035, at *3 (N.D. Ca. Mar. 15, 2024) (finding that a defendant's removal notice contained more than conclusory allegations where a plaintiff sought reimbursement in the amount of $55,316 in addition to damages and penalties two times the amount of actual damages). Accordingly, the complaint alone does not satisfy Defendants' burden to show the requisite amount in controversy.

**B. Analogous Jury Verdicts**

---

[1] Defendants' argument that the requisite amount in controversy is facially apparent because the Complaint's indication that the amount demanded exceeds $25,000 is also unconvincing. An averment that the total damages exceeded $25,000 satisfies the relevant state court jurisdictional requirement; standing alone, it provides no support for inferring the existence of the additional $50,000 required for federal jurisdiction under 28 U.S.C. § 1332.

Jury verdicts in similar cases can evidence the amount in controversy, provided that they are "factually identical or, at minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012). In assessing whether a similar case is sufficiently analogous to have probative value in determining the amount in controversy, it is not enough that the cases have identical causes of action. Rather, the strong presumption against removal counsels a closer inquiry into the specific nature of the injuries sustained and the damages requested in similar cases. *See Gaus*, 980 F.2d at 567. Here, Defendants cite two jury verdicts in similar California personal injury cases where the general damages exceeded $75,000 to support their contention that Plaintiff's claims likewise exceed 28 U.S.C. § 1332's jurisdictional limit.

Neither case is sufficiently analogous to establish the requisite amount in controversy. First, Defendants' reliance on the jury verdict obtained in *Peter Griese v. 12238 Santa Monica, Inc. dba Mom's Bar & Lounge*, No. BC602842, 2018 WL 2689356 (Cal.Super. Apr. 30, 2018), is misplaced, as both the injuries sustained and the damages requested were materially distinct from the instant litigation. In *Peter Griese*, the plaintiff was informed that he "might permanently lose the tip of his nose because the laceration was so deep." Lewis Decl., Ex. B, Dkt. No. 21-1, at 12. The plaintiff also suffered permanent scarring, even after plastic surgery. *Id.* While Plaintiff here alleged a residual "facial scar" stemming from her injuries in the demand letter, nothing in the record indicates that either the scar or her soft tissue injuries were anywhere near as severe as those sustained by the *Peter Griese* plaintiff. This conclusion is buttressed by the disparity between the medical expenses sought—*Peter Griese* featured a recovery demand of $24,402 in medical expenses, more than five times the $4,250 in medical expenses sought by Plaintiff. *Id.* Considering these facial distinctions, the jury verdict obtained in *Peter Griese* provides no support for finding that Plaintiff's claims exceed $75,000.

The jury verdict obtained in Defendants' other example, *Underhill v. Estate of Testa*, No. BC638507, 2018 WL 3879184, (Cal.Super. Aug. 08, 2018), is also insufficiently analogous to support Defendants' assertion. As a threshold matter, the injuries sustained by the plaintiff in *Marie Underhill* are materially distinct from those alleged by Plaintiff. There, the plaintiff suffered

ORDER GRANTING MOTION TO REMAND
CASE NO. 24-cv-08889-RS

a "mild traumatic brain injury," requiring multiple visits to her primary care physician and treatment by three neurologists, eventually resulting in a diagnosis of post-concussive syndrome and short-term memory loss. Lewis Decl., Ex. C, Dkt. No. 21-1, at 18. In addition to her brain injury, the plaintiff also suffered a "large forehead laceration" that required "21 stiches in the shape of an X" to treat. *Id.* Here, the record bears no indication that Plaintiff experienced injuries of a similar severity or received a similar degree of treatment. While the plaintiff in *Marie Underhill* waived her medical special damages and only sought recovery for her past and future pain and suffering, the nature of her injuries supports a reasonable inference that her underlying medical expenses far exceeded the $4,250 allegedly incurred by Plaintiff. Because a jury assessment of general damages for pain and suffering is intrinsically related to the underlying injuries sustained by a plaintiff, the fact that the jury in *Marie Underhill* awarded only $100,000 in general damages (in light of the severe injuries alleged and higher medical expenses likely incurred) disfavors any finding that the soft tissue injuries and medical expenses alleged by Plaintiff would result in a verdict exceeding $75,000.

### C. Plaintiff's Demand Letter

A plaintiff's pre-litigation settlement letter can be used to establish the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claims." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). However, when a plaintiff subsequently disavows a settlement letter or otherwise asserts that the demand was "inflated and not an honest assessment of damages," it ceases to have value in assessing the amount in controversy. *Id.* at 840.

Here, Plaintiff does not dispute having made a pre-litigation settlement demand of $150,000 based on her "injuries and the devasting effect on her daily life." Lewis Decl., Ex. A, Dkt. No. 21-1, at 8. Yet, Plaintiff has expressly disavowed the letter as merely an anchoring point for negotiation, "more indicative of puffing and posturing than evidence of a reasonable assessment of the value of Plaintiff's claim." Reply Br., Dkt. No. 22 at 6. "Because Plaintiff has expressly denied that her settlement offer accurately assesses the value of her claims, the offer does not constitute valid evidence of the amount in controversy." *Aguilar v. Wells Fargo Bank,*

*N.A.*, No. 15-cv-01833-AB, 2015 WL 6755199, at *4 (C.D. Cal. Sep. 4, 2015). Defendants therefore cannot rely on the demand letter to establish diversity jurisdiction.

### D.  CONCLUSION

Because Defendants have failed to prove that the amount in controversy meets the jurisdictional limit enumerated in 28 U.S.C. § 1332, removal was improper. Accordingly, Plaintiff's motion to remand is granted.

**IT IS SO ORDERED**.

Dated: February 7, 2025

_____

RICHARD SEEBORG

Chief United States District Judge